LOTTINGER, Judge.
On September 9, 1959, Elmer E. Lloyd, Ernest R. Sumrall, Joe Hope, and Leland W. Henley were killed in a motor vehicle collision which also injured Louis Nelson Wascom. By agreement of the parties a compromise was reached wherein various defendants deposited into the registry of the Court the sum of One Hundred Forty-three Thousand One Hundred Eight and 4%oo ($143,108.47) Dollars which was to be distributed among the surviving spouses and children of the decedents and the injured party. Of this amount, and by specific agreement, the sum of $10,000 was to he distributed among all claimants except Mrs. Dorothy Rawls Lloyd, individually and as tutrix of her three (3) minor children.
This proceeding is a concursus proceeding-which was filed jointly by all of the pe *372 titioners as' claimants for the sums deposited in Court by the various defendants with the prayer that the trial be limited to the question of quantum of the respective claimants. All claimants filed stipulations of fact at the trial of the merits. There was also some testimony taken.
After the trial below, which was limited solely to the question of quantum, the Lower Court gave judgment as follows:
“ * * * the Court has reached the conclusion that the Henley surviving spouse and the heir should receive $43,932.54, $30,000.00 to the surviving spouse and $13,932.54 to the son, Michael, Elbert Henley; Mrs. Dorothy R. Lloyd should receive $18,635.13, Larry Michael Lloyd should receive $6,211.71, James Frederick Lloyd should receive $5,000.11, and Raymond Christopher Lloyd should receive $7,-423.42 or a total of $37,270.37 to Mrs. Lloyd and the Lloyd children; the sum due James Frederick Lloyd to be paid to his legal representative, Mrs. Cleta L. Heinkel; that the Hope family should receive $29,621.69, one-half to be distributed to Mrs. Emily O’Bach Hope as her damages and the other half to be equally distributed among her three children, Allen Hope, Marvin Hope, and Michael Hope; and that Mrs. Sumrall should receive $26,459.-52; that Mr. Wascom should receive $5,824.35.”
All petitioners have taken a suspensive appeal. With regard to the claim for damages resulting from the death of Leland W. Henley, the evidence discloses that at the time of his death he was forty-five years of age. Surviving him were his wife, Mrs. Eula Pettitt Henley whom he married during the year 1933, and who was forty-six years of age at the time of his death, and one son, Michael Elbert Henley who was then eighteen years of age. At the time of the accident Mr. Henley was general mechanical inspector for GM&O Railroad at a gross annual salary of $8,500.00, He had worked for this railroad company for a number of years during which he had received several promotions. ITis superior testified that at the time of his death Mr. Henley was in line for promotion to a position paying $12,000.00 annual salary. This company had no compulsory retirement age, and the record discloses that Mr. Henley’s earning prospect was greater than the other decedents at the time of his death.
There was also testimony in the record to the effect that Mr. Henley received an annual expense account of some $4,000.00 which was a reimbursement by the company to Mr. Henley of the monies which he had actually spent as expenses while out of town on company business.
The Lower Court evidently took this expense allowance into consideration in figuring Mr. Henley’s future earning potential at more than $275,000.00. As this allowance was merely a reimbursement of out of pocket expenses, we do not believe that such can be considered in determining his future potential.
Assuming annual future salary for Mr. Henley of $10,250.00, which includes his salary at the time of death of $8,500.00, plus one-half the difference between that and his promotion’s salary of $12,000.00, would give Mr. Henley a future salary basis of $10,250.00 per annum. Taking everything into consideration, we are of the opinion that Mrs. Henley is entitled to $40,000.00 for loss of support. Of course she also suffered the loss of love, affection and companionship which was not fixed by the Lower Court but which we compute to be at the sum of $10,000.00. The record further discloses that Mrs. Henley suffered special damages for funeral expenses in the sum of $1,582.35. We therefore find that the total loss to Mrs. Henley resulting from the death of her late husband, including loss of future earnings, love, affection and companionship and special damages, to be in the sum of $51,582.35.
*373 With regard to Michael Henley, the minor son of Leland W. Henley, who was eighteen years of age at the time of his father’s death, we feel that he is entitled to $1,635.00 for loss of support. Young Henley would also be entitled to damages for loss of love, affection and companionship in the amount of $7,500.00, thus making a total loss to Michael in the sum of $9,-135.00.
The record discloses that Ernest R. Sum-rall was almost sixty-nine years of age at the time of his death, he having been born on October 29, 1890. He left surviving him only his wife whom he had married in 1931 and who was sixty-three years of age at the time of his death. Mr. Sumrall was employed with the GM&O Railroad as a train master at an annual salary of $9,828.-00 including a supplementary pension plan. Although he had reached the normal retirement age, the company did not require retirement at any specified age.
The life expectancy of Mr. Sumrall, according to the American Experience Mortality Table was some 8.97 years, and taking everything into consideration, we are of the opinion that Mrs. Sumrall is entitled to $20,000.00 for loss of support. Of course she also suffered the loss of love, affection and companionship which we fix at the sum of $5,000.00, as well as special damages in the sum of $2,573.43, thus making an aggregate loss to Mrs. Sumrall of $27,573.43.
With regard to the claim for damages resulting from the unfortunate death of Mr. Joe Hope, the record discloses that at the time of death he was thirty-seven years of age, he having been born on September 4, 1922. Left surviving him were his widow, to whom he had been married approximately fifteen years, and three minor children, namely, Michael Eugene Hope, who was then ten years of age, James Marvin Hope, who was then twelve years of age, and Allan Joseph Hope, who was then thirteen years of age.
For the year 1958, the income tax return of Mr. Hope, which is filed in the record, discloses that he earned $4,176.66. Said earnings were as an insurance salesman for a burial insurance company, from which he earned the sum of $2,102.35, Sears Roebuck and Company, from which he earned $1,-136.53 and his separate employment as distributor of the Times-Picayune in the Bogalusa area from which he earned $937.-78. For the year 1959, his total earnings were in the sum of $608.86 from January 1 until the time of death, which was exclusively from his newspaper dealership.
With regard to any future earning capacity of Mr. Hope, the record is barren of his educational qualifications. However the record does disclose that, at the time of death, he was in the process of terminating his dealership with the Times-Picayune because of the low income derived therefrom, and he had spoken with a representative of an insurance company relative to a position as agent for said company in the Bogalusa area. This insurance representative testified that he had offered Mr. Hope a position as agent for the company with a weekly salary of $100.00 plus commissions. He testified that Mr. Hope was to commence his employment with the company after he terminated his distributorship with the Times-Picayune which would have been just a few days subsequent to the date of Mr. Hope’s death.
The record further discloses that this company is not operating in Bogalusa, nor has it operated in that vicinity. The representative testified that the reason for its failure to operate in this area was that, subsequent to Mr. Hope’s death, he was unable to find a qualified agent. Although at the time of Mr. Hope’s death this company was operating in the Baton Rouge area, at the time of trial it had reduced its area of operations, and was only selling insurance in the Shreveport area.
The Lower Court fixed the future earning potential of Mr. Hope at $5,000.00 per annum with a life expectancy of some *374 thirty years. According to the American Experience Mortality Table his life expectancy would be 30.35 years.
The record discloses that Mr. Hope was interested in increasing his earning capacity, which was low prior to his death. However we feel that his employment with the insurance company which was being negotiated at the time of his death had an uncertain future in view of what has happened since.. We do not feel, therefore, that the Lower Court abuses its discretion at assessing Mr. Hope’s future potential at $5,000.00 per year. Taking everything into consideration, we are of the opinion that Mrs. Hope is entitled to $30,000.00 for loss of support. In addition, we feel that Mrs. Hope is entitled to the sum of $10,000.00 representing loss of love, affection and companionship, as well as the sum of $1,588.85 as special damages, thus making a total loss suffered by Mrs. Hope in the sum of $41,588.85.
With regard to the Hope children, the record discloses that Michael Eugene was ten years of age at the time of his father’s death, and he would, therefore, be entitled to support.for eleven years. We are of the opinion that Michael is entitled to $5,500.00 for loss of support. We believe that he is entitled to an award of $10,000.00 additionally for loss of love, companionship and guidance, .thus. making a total award for Michael Eugene Hope in the sum of $15,500.00.
James Marvin, who was then twelve years of age, would be entitled to support for nine years. We are of the opinion that James is entitled to $4,500.00 for loss of support. Adding to this figure an award of $10,000.00 for loss of love, companionship and guidance, gives James Marvin Hope a total award of $14,500.00.
Allan Joseph Hope who was thirteen years of age at the time of his father’s death, would be entitled to eight years of support. We are of the opinion that Allan is entitled to $4,000.00 for loss of support. Adding an award of $10,000.00 for loss of love, companionship and guidance would give Allan Joseph Hope damages in the amount of $14,000.00.
The evidence discloses that Elmer Lloyd was born on November 4, 1921 and was therefore thirty-seven years of age when he met his untimely death. Surviving him are his wife, Dorothy Rawls Lloyd, to whom he had been married for eleven years, and three, minor children, Larry Michael, then ten, -Raymond Christopher, then five, and James Frederick, then fourteen, an issue of a previous marriage, not living with his father. The income tax return for Mr. Lloyd showed that during the-year 1958 he had an income of $6,667.92, from his gasoline service station. There is evidence in the record that the Lloyds re-, ceived certain fringed benefits such as free,gasoline for their two automobiles, free oil and service to the automobiles and free fishing equipment which was taken from the stock of the service station. These fringed benefits are questionable in our minds, and we do not feel that they should be considered. in determining future earning potential. It was shown, however, that the business of the service station was increasing anually, and the Lower Court concluded that he had a potential earning capacity of $7,500.00 per year, as he was a. hustler and was “on the move”. Taking, everything into consideration, we are of the opinion that Mrs. Lloyd is entitled to $40,000.00 for loss of support. Of course she is also entitled to loss of love, affection and companionship in the sum of $10,000.00, as well as special damages of $976.00, thus, making a -total loss sustained by Mrs. Lloyd in the sum of $50,976.00. The three minor children of Elmer Lloyd are also entitled to-support until they reach the age of twenty-one. Computing the loss of support for-Larry Lloyd, we are of the opinion that he is entitled to $5,000.00 for loss of support. In addition thereto we feel that he is en *375 titled to loss of love, companionship and guidance in the sum of $10,000.00, making a total amount of damages to Larry Lloyd in the amount of $15,000.00.
Raymond Lloyd who was age five at the time of his father’s death is entitled to sixteen years of support. We are of the opinion that he is entitled to $6,500.00 for loss ■of future support. To this should be added loss of love, companionship and guidance in the sum of $15,000.00, giving him a net award of $21,500.00.
With regard to James Frederick Lloyd who was fourteen years of age at the time of the accident, he would be entitled to seven years of support. We are of the opinion that he is entitled to $4,400.00 for loss of support. The record indicates that .this child was a son by a previous marriage by Mr. Lloyd and that he spent only half the time with his father. He would, therefore, be entitled to the sum of $6,000.00 for the loss of love, companionship and guidance, thus making a total loss to James Frederick Lloyd in the sum of $10,400.00.
Louis Nelson Wascom was indeed fortunate in that he was the only survivor of the unfortunate accident. He received from the accident a moderately severe cerebral contusion as well as a left arm injury necessitating a permanent bolt and plates in his arm. He was hospitalized for seventeen days. During the first ten days of his hospitalization he had periods of semi-consciousness but according to his doctor he remained alert after the tenth day of hospitalization at which time it was noted in his hospital record that he was “alert and reading the newspaper”. Two days after being discharged from the hospital Wascom reentered college which was then beginning its fall term. His arm was in a cast for three months.
At the time of the accident young Was-com was working on a summer job. He claims that due to the accident he graduated a quarter later than he had planned due to .the fact that his doctor had advised that he not take a full schedule of studies. Since completing his college education, young Wascom has been continuously and gainfully employed.
He is right handed and the injury is to his left arm, to which his doctor claims he suffered a permanent 15% disability. His father testified that, since the accident young Wascom' is more nervous and irritable.
The Lower Court stated that Wascom should be due an amount “ * * * not to exceed Thirty Thousand and No/100 ($30,-000.00) Dollars, including expenses of some Three Thousand One Hundred and No/100 ($3,100.00) Dollars which amount of expenses is some indication of pain and suffering”. The Court then rendered a judgment in favor of Wascom for $5,824.35.
Although we do not believe that the injuries to Louis'Wascom would be classified as severe they certainly are of a moderate nature. There is nothing in the evidence to disclose an impairment of earning facilities, and we feel that an award of $10,-000.00 is appropriate for his physical injuries. To this should be added the sum of $3,100.00 as special damages, thus making a total loss to Wascom in the sum of $13,100.00.
We therefore feel that the judgment of the Lower Court should be amended so as to provide that the petitioners herein shall share in the sums upon deposit in proportion to the damages sustained by each petitioner as itemized hereinabove. The sum of $133,108.47 shall be shared by each petitioner according to their respective proportion thereof, and the additional sum of $10,000.00 deposited shall be distributed among all petitioners except Mrs. Dorothy Rawls Lloyd and the three minor Lloyd children.
The judgment is amended accordingly.
Judgment amended and affirmed.